UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.    § | CRIMINAL NO. 3:19-CR-0581-B-2 |
| § | |
| JULIO CESAR SOTO-GARCIA, § | |
| § | |
| Defendant.    § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Julio Cesar Soto-Garcia's Motion to Reduce Sentence (Doc. 90), which the Court construes as a Motion for Compassionate Release. For the following reasons, Soto-Garcia's Motion for Compassionate Release is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

In 2020, Soto-Garcia pleaded guilty to Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and was sentenced to 87 months of imprisonment. *See* Doc. 56. J. 1–2. Soto-Garcia is 45 years old and was transferred from Bureau of Prisons custody under the Treaty on the Execution of Penal Sentences as of August 25, 2023.[1] Soto-Garcia is confined in Centro Federal de Readaptacion Social No. 8 in Mexico.[2] Doc. 90, Mot., 2.[3]

---

[1] Soto-Garcia left the Bureau of Prisons ("BOP")'s confinement on August 25, 2023, according to the BOP's Inmate Locator, available at https://bop.gov/inmateloc (last accessed June 2, 2025). He states his place of confinement in a separate motion. *See* Doc. 91, Mot., 2.

[2] This Court has jurisdiction over Soto-Garcia's Motion for Compassionate Release because it was the sentencing Court. *See* 18 U.S.C. § 3582(c)(1)(A); *see also Landazuri v. Hall*, 423 F. App'x 475, 476 (5th Cir. 2011) ("Because [defendant] did not file this challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it.").

[3] The numbers citing to Soto-Garcia's Motion refer to ECF pagination.

On June 17, 2024, Soto-Garcia filed this Motion. *See* Doc. 90, Mot. Soto-Garcia argues that he is eligible for a 365-day reduction in his sentence under the 2023 First Step Act Amendment and 18 U.S.C. § 3624(b). *Id.* at 1. The Court considers the Motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, § 3582(c) provides limited exceptions to this general rule. *See id.* Relevant here is that under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

Soto-Garcia's Motion is **DENIED**. First, the Court construes Soto-Garcia's Motion as a Motion for Compassionate Release. Second, the Court denies his Motion for Compassionate Release because Soto-Garcia did not demonstrate exhaustion or establish extraordinary and compelling reasons warranting release.

A. *The Court Construes Soto-Garcia's Motion as a Motion for Compassionate Release.*

Soto-Garcia's Motion does not expressly invoke § 3582(c)(1)(A)(i) or any other provision under which the Court could grant his requested sentence reduction. *See* Doc. 90, Mot. The Motion invokes § 3624(b), which allows a prisoner to receive good time credit if BOP finds he "has displayed

exemplary compliance with institutional disciplinary regulations." § 3624(b)(1). Because the BOP has the authority to calculate good time credit, "any challenge to BOP's methodology for calculating credit received for good time served must be brought in a petition for writ of habeas corpus." *United States v. Herminio Garcia*, No. 5:13-CR-1404, 2019 WL 4394594, at *1 (S.D. Tex. July 25, 2019) (quotation and alteration omitted). But before seeking judicial review, a defendant "must exhaust the administrative remedies provided by BOP." *Id.* at *2. It does not appear that Soto-Garcia has requested that BOP recalculate his sentence to include any time credits.

Nonetheless, because Soto-Garcia references a change in the law as a basis for his Motion, the Court will liberally construe it as a Motion for Compassionate Release. *See United States v. Bledsoe*, 548 F. App'x 124, 124 (5th Cir. 2013) ("[I]t is the essence of a pro se prisoner's pleading, rather than the label attached to it, that controls how that pleading is characterized."); *cf. United States v. Mondragon*, No. 4:18-CR-132(5), 2020 WL 3868988, at *2 (E.D. Tex. July 8, 2020) (construing a clemency request as a motion for compassionate release).

B.  *Soto-Garcia's Motion for Compassionate Release is Denied.*

Soto-Garcia's Motion for Compassionate Release is denied. First, he failed to demonstrate proof of exhaustion. Second, he failed to show extraordinary and compelling reasons warranting release.

1.  Soto-Garcia Has Not Exhausted His Administrative Remedies.

Soto-Garcia's Motion for Compassionate Release is denied because he has not demonstrated exhaustion. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier." To satisfy this requirement, a defendant may show that thirty days have passed "since the warden received his [compassionate-release] request—irrespective of [a] denial." *See United States v. Ezukanma*, No. 3:15-CR-0254-B-1, 2020 WL 4569067, at *5 (N.D. Tex. Aug. 7, 2020) (Boyle, J.).

Here, it does not appear that Soto-Garcia has submitted a request to the BOP for compassionate release. *See* Doc. 90, Mot. Until Soto-Garcia does so and provides the Court with proof that (1) he has exhausted his administrative rights to appeal the BOP's denial of his request; or (2) thirty days have passed since the warden received his request, he has not exhausted his administrative remedies as required by § 3582(c)(1)(A). Accordingly, Soto-Garcia's Motion must be denied.

    2.    <u>Soto-Garcia Has Not Demonstrated Extraordinary and Compelling Reasons for Compassionate Release.</u>

Even if Soto-Garcia had exhausted his administrative remedies, his Motion would still fail because he has not shown "extraordinary and compelling reasons" warranting compassionate release. Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to "promulgate general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered

'extraordinary and compelling reasons.'" *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citation omitted). The three circumstances are the defendant's medical condition, age, and family situation. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1.[4] But § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). Considering Soto-Garcia's Motion in light of § 1B1.13, the Court concludes that Soto-Garcia has not provided "extraordinary and compelling reasons" warranting compassionate release.

Soto-Garcia argues that a change in the law supports a sentence reduction. *See* Doc. 90, Mot. 1 (claiming that he is eligible for relief under the "new amendment 'FSA'"). Soto-Garcia does not specify which change in the law warrants compassionate release. Under § 1B1.13(b)(6), a retroactive change in the law may constitute extraordinary and compelling reasons for a defendant's release if it "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." To qualify for this relief, a defendant must have received an unusually long sentence and served at least 10 years of imprisonment. § 1B1.13(b)(6). Alternatively, under § 1B1.13(c), a retroactive or non-retroactive change in the law may warrant

---

[4] The policy statement also provides a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1.

compassionate release "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction." § 1B1.13(c).

Neither section 1B1.13(b)(6) nor § 1B1.13(c) warrants a sentence reduction. First, Soto-Garcia has not established other extraordinary and compelling reasons, so the Court cannot grant relief under § 1B1.13(c). Second, the Court cannot grant relief under § 1B1.13(b)(6). There has been no meaningful retroactive change in 21 U.S.C. § 841, the law under which Soto-Garcia was sentenced. Furthermore, an 87-month sentence for Soto-Garcia's crime is not unusually long. *See, e.g., Gayton v. Rivers*, No. 3:23-CV-1842-X (BH), 2023 WL 8007387, at *1 (N.D. Tex. Aug. 24, 2023) (Ramirez, M.J.), *report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17, 2023) (Starr, J.) (denying habeas to a defendant who was sentenced to 150 months for violating § 841). Finally, Soto-Garcia has not served at least 10 years of imprisonment. Section 1B1.13(b)(6) does not warrant a sentence reduction.

Soto-Garcia also explains that he has participated in all required activities and programs, worked jobs provided by his institution, and maintained good conduct while incarcerated. Doc. 90, Mot., 2. While the Court commends Soto-Garcia's good behavior, rehabilitation alone is not an extraordinary and compelling circumstance warranting release. *See Shkambi*, 993 F.3d at 391. Because Soto-Garcia's change-in-law claim fails, his rehabilitation does not warrant a sentence reduction.

In sum, Soto-Garcia's Motion fails because he has not proven exhaustion or demonstrated extraordinary and compelling reasons for compassionate release.

## IV.

## CONCLUSION

For these reasons, the Court **DENIES** Soto-Garcia's Motion for Compassionate Release (Doc. 90) **WITHOUT PREJUDICE**.

By denying Soto-Garcia's Motion without prejudice, the Court permits Soto-Garcia to file a subsequent motion for compassionate release in the event he can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances.

The Clerk of Court is **DIRECTED** to mail Soto-Garcia a copy of this order by Federal Express at the address indicated in his most recent filing.

**SO ORDERED.**

**SIGNED: July 10, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE